**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ORISKA CORPORATION,** *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

       **Plaintiff,**

 vs.                **1:21-CV-104 (MAD/DJS)**

**HIGHGATE LTC MANAGEMENT, LLC,** *et al.*,

       **Defendants.**

---

**ORISKA CORPORATION,** *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

       **Plaintiff,**

 vs.                **1:21-CV-106 (MAD/DJS)**

**TROY OPERATING CO. LLC (DIAMOND),** *et al.*,

       **Defendants.**

---

**ORISKA CORPORATION,** *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

       **Plaintiff,**

 vs.                **1:21-CV-109 (MAD/DJS)**

**NISKAYUNA OPERATING CO. LLC,** *et al.*,

       **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF FRANK POLICELLI**<br>10 Steuben Park<br>Utica, New York 13501<br>Attorneys for Plaintiff | **FRANK POLICELLI, ESQ.** |
| **CULLEN & DYKMAN LLP**<br>80 State Street, Suite 900<br>Albany, New York 12207<br>Attorneys for the Employer Defendants | **CHRISTOPHER E. BUCKEY, ESQ.**<br>**NICHOLAS J. FASO, ESQ.**<br>**TIMOTHY CHORBA, ESQ.** |
| **KERNAN PROFESSIONAL GROUP, LLP**<br>26 Broadway, 19th Floor<br>New York, New York 10004<br>Attorneys for Class Defendants | **JOSEPH MCBRIDE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Christopher E. Buckey, counsel to Highgate LTC Management, LLC, Troy Operating Co. LLC (Diamond), and Niskayuna operating Co. LLC (collectively, the "Employer Defendants") filed this Motion for Attorney Fees, Dkt. No. 38,[1] pursuant to an Order by this Court allowing such a request, Dkt. No. 24. The motion is currently unopposed.

Plaintiff Oriska Corporation commenced twenty-six cases in New York State Supreme Court, three of which were removed from state court to the Northern District of New York. These three actions were filed in Schenectady and Rensselaer County Supreme Court on or about October 31, 2019, concerning workers compensation insurance policies issued by the Oriska Insurance Company, a subsidiary of Plaintiff. *See* Dkt. No. 1-1 at ¶¶ 1, 7. Plaintiff later filed an amended complaint on or about January 12, 2021, which alleged additional causes of action under

---

[1] All of the parties represented in these actions are represented by the same counsel and have filed nearly identical motion in all three cases. Therefore, unless otherwise indicated, references to the docket will refer to the motions pending in Case No. 1:21-cv-104.

2

the Employee Retirement Income Security Act ("ERISA") and added the "Class Defendants" to the cases. *See* Dkt. No. 1-2. The Class Defendants removed these actions to this Court on January 29, 2021, in response to the additional federal claims under ERISA. *See* Dkt. No. 1.

On March 1, 2021, the Employer Defendants filed a motion to remand these actions to state court. *See* Dkt. No. 8-1. On May 11, 2021, before a decision was rendered on that motion, the Class Defendants filed a motion with this Court and the Judicial Panel on Multidistrict Litigation ("JPMDL") to transfer the cases to the Eastern District of New York and consolidate all three actions. *See* Dkt. No. 14. The JPMDL ultimately denied transfer. *See* Dkt. No. 21.

Following this denial, Plaintiff moved to remand these actions, claiming they are now moot because Plaintiff is in the process of discontinuing them and "discontinuance cannot occur until [these] action[s] [are] remanded to State Court." Dkt. No. 22 at 4. The Class Defendants filed a response in which they consented to the remand. *See* Dkt. No. 23. The Employer Defendants did not respond. In granting the motion to remand, the Court found that the initial removal to this Court was objectively unreasonable and, therefore, an aware of attorneys' fees was appropriate. *See* Dkt. No. 24 at 5-6. Specifically, the Class Defendants' actions were unreasonable because they failed to comply with the Rule of Unanimity and because the basis for removal was an amended complaint filed in state court in which the Class Defendants were incomprehensibly included as parties to this matter and these new Class Defendants were represented by Plaintiff's counsel. In a subsequent order denying the motion for reconsideration, the Court noted that "at least one federal court was so flummoxed by this same conduct, that it ordered James Kernan to show cause why he should not be referred to the Disciplinary Committee for the Eastern District of New York." Dkt. No. 33 at 8 (citing *Percy v. Oriska General Contracting*, No. 20-cv-6131, 2021 WL 2184895, *2-10 (E.D.N.Y. May 27, 2021)).

3

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Tr. Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). The broad discretion given to a district court when awarding attorneys' fees under 28 U.S.C. § 1447(c) necessitates applying a test of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Frontier Ins. Co. v. MTN Owner Tr.*, 111 F. Supp. 2d 376, 381 (S.D.N.Y. 2000) (quoting *Morgan Guar. Tr. Co.*, 971 F.2d at 924).

Attorneys' fees are to be a "reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Reasonable hourly rates should comport with those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Further, it is one which a reasonable client "would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson*, 652 F.3d at 289-90. A motion for attorneys' fees must include "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Reasonable rates in this district have been determined to be anywhere from $250 to $350 for partners, $165 to $200 for associates, and $80 to $90 for paralegals. *See Muldowney v. Simon's Agency*, No. 19-cv-531, 2021 WL 6197268, *1 (N.D.N.Y. Apr. 1, 2021); *Keybank Nat'l Ass'n v. Monoloth Solar Assocs.*, No. 19-CV-1562, 2020 WL 1157650, *6 (N.D.N.Y. Mar. 10, 2020).

In the present matter, attorneys for the Employer Defendants request $3,430 in attorneys' fees. *See* Dkt. No. 38. The attorneys calculated the rates to be $350 for Christopher E. Buckey and $200 for Timothy A. Chorba. *See* Dkt. No. 38 at 5. Mr. Buckey is a partner who claims to have "more than twenty-one years of experience in complex commercial litigation," and ordinarily bills at a rate of $600 per hour. *See id.* Mr. Chorba is an associate who graduated law school five years ago and ordinarily bills at a rate of $325 per hour. *See id.* They also request $90 per hour for the work of a paralegal. *See* Dkt. No. 38-2 at ¶ 12.

Mr. Buckey and Mr. Chorba support these claims by providing their biographies and invoices. *See* Dkt. Nos. 38-5, 38-6. Both biographies substantiate their claims of experience while the invoices show Mr. Buckey spent 4 hours, Mr. Chorba spent 8.9 hours, and an unnamed paralegal spent 2.5 hours doing casework relevant to the Employer Defendant's Motion to Remand. *See id.* These time expenditures are reasonable given the type and amount of work involved as described in the invoices. *See* Dkt. No. 38-5.

Mr. Buckey requests the maximum rates deemed reasonable in this district but given the unreasonableness of Class Defendant's removal to federal court, and Plaintiff's decision to discontinue the action after Employer Defendants had spent time and resources attempting to remand the cases back to state court, it is clear that the circumstances unfairly impacted the

Employer Defendants. Further, attorneys with similar experience have been awarded attorneys' fees at the same rate that is requested in the present matter. *See Muldowney*, 2021 WL 6197268, at *1, 2 (finding $350 per hour for a partner with twenty-one years of experience and $200 per hour for a junior associate reasonable).

As for the paralegal fees, there appears to be a calculation error. In the invoices produced, a person, known only as "LH," is listed as having done the formatting, finalizing, and filing of the Memorandum of Law in Support of Motion to Remand to State Court. *See* Dkt. No. 38-5. Assuming that LH is the paralegal to which Mr. Buckey's Affirmation refers, their rate for this work is $90 per hour. *See* Dkt. No. 38-2 at ¶ 12. LH is listed as having done 2.5 hours of work, yet the final amount for that work is listed as $250, which is the total if calculated at $100 per hour instead of the requested $90. *See* Dkt. No. 38-5. In light of this error, the Court corrects the attorneys' fees award to $3,405 to reflect the accurate calculation of paralegal fees at $90 per hour.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion for attorneys' fees and costs is **GRANTED**; and the Court further

**ORDERS** that Defendant is awarded $3,405 in attorneys' fees; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 6, 2022
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge